UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SUSAN CHIARAVALLE | : | |
| Plaintiff, | : | Civil Action No. 13-1818 (KSH) (CLW) |
| v. | : | |
| IMPERIUM INSURANCE COMPANY, | : | **REPORT AND RECOMMENDATION** |
| Defendant. | : | |

**WALDOR, United States Magistrate Judge**

Currently before the Court is a motion by Plaintiff Susan Chiaravalle to remand this action to the Superior Court of New Jersey, Law Division, Bergen County, pursuant to 28 U.S.C. § 1447(c) based on a lack of diversity jurisdiction under 28 U.S.C. § 1332. United States District Judge Katharine S. Hayden referred the Remand Motion to me for Report and Recommendation. This Court, having considered the parties' submissions, decides this motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court respectfully recommends that the Remand Motion be **DENIED**.

**I.    BACKGROUND**

This action arises out of Plaintiff's efforts to collect a state court judgment entered on her behalf. In 2005, Plaintiff, Susan Chiaravalle, retained the DiSciascio Fence Company ("DiSciascio") to replace a deteriorated fence on her property located in Palisades Park, New Jersey. Complaint at ¶¶ 1-2. During the installation of the new fence, DiSciascio punctured the return fuel line which resulted in extensive environmental contamination of her property. Id. at ¶ 6.

On January 7, 2013 Plaintiff obtained a jury verdict and judgment against DiSciascio in the Superior Court of New Jersey, Law Division, Bergen County. Id. at ¶ 17. The Court entered a judgment for Plaintiff in the amount of $403,532.08, together with prejudgment interest. Id. at ¶ 17. Imperium Insurance Company ("Imperium") refused to indemnify DiSciascio with respect to this liability. Id. at ¶ 18. On February 20, 2013, Plaintiff filed the present Complaint in the Superior Court of New Jersey, Law Division, Bergen County, against Imperium. Id. at ¶ 19. Plaintiff requested that judgment be issued requiring that Imperium indemnify DiSciascio with respect to the judgment awarded. Id. at ¶ 19.

On March 22, 2013, Defendant filed a Notice of Removal in this Court, pursuant to 29 U.S.C. §1441, on the grounds that this Court has proper diversity jurisdiction because Plaintiff is a citizen of New Jersey, and Imperium is incorporated in Delaware and has its principal place of business in New York. Notice of Removal at ¶¶ 3-4. The amount in controversy exceeds $75,000. Id. at ¶ 5. On April 22, 2013, Plaintiff filed the Motion to Remand pursuant to 29 U.S.C. §1447(c). Plaintiff claims that this Court lacks diversity jurisdiction because Defendant, as DiSciascio's insurer, must be deemed a citizen of New Jersey pursuant to the "direct action" provision of 28 U.S.C. § 1332(c)(1). Remand Brief at 3. On May 20, 2013, Defendant filed a brief in opposition, contending that Plaintiff's action is not a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1) and that Defendant, therefore, should not be considered a citizen of New Jersey. Reply Brief at 1. On May 28, 2013, Plaintiff filed a letter brief in lieu of a more formal brief in reply.

## II. LEGAL STANDARD

A district court has subject matter jurisdiction over suits in which the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a) (2006). For the purpose of determining diversity jurisdiction, a corporation is deemed to be a citizen of both the state in which it was incorporated and the state where it has its principal place of business. Id. § 1332(c)(1) (2006). However, in "direct actions" against an insurer where the insured is not joined as co-defendant, the insurer is also deemed to be a citizen of the state in which the insured resides. Id.

A defendant may remove a plaintiff's state court claim to federal court, under 28 U.S.C. § 1441, on the grounds of diversity jurisdiction. Following removal, a plaintiff may seek to remand the action back to state court, based on an alleged absence of diversity jurisdiction. 28 U.S.C. § 1447(c). A defendant who opposes remand must show that removal was proper. Boyer v. Snap–On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990), cert. denied, 498 U.S. 1085, 111 (1991). The Third Circuit has held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir.2007) (citing Samuel–Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir.2004)). In the present action, therefore, Defendant bears the burden of proving that this Court has diversity jurisdiction over the Complaint.

## III. ANALYSIS

The appropriateness of Defendant's removal depends upon whether or not Defendant is deemed a citizen of New Jersey. In the present action, Imperium is incorporated in Delaware and

has its principal place of business in New York. Notice of Removal at ¶ 3. Therefore, generally, Defendant would be considered citizens of Delaware and New York for purposes of diversity jurisdiction. However, should the "direct action" provision of 28 U.S.C. § 1332(c)(1) apply, Defendant would be attributed DiSciascio's New Jersey citizenship and diversity would thus be destroyed. Accordingly, this Court must determine whether said "direct action" provision is applicable here.

The provision of 28 U.S.C. § 1332(c) eliminating diversity jurisdiction in "direct action" suits against an insurer was enacted through a 1964 amendment. Congress hoped to alleviate substantial increases in the caseload of the United States District Court for the Eastern District of Louisiana that had occurred after the state legislature enacted a statute permitting an injured party to pursue a "direct action" against a tortfeasor's insurer without first suing the tortfeasor. S.Rep. No. 88-1308, at 2779 (1964). Consequently, the district court became venue to a substantial number of suits where both the victim and the insured tortfeasor resided in that state, but the insurance company was incorporated and headquartered elsewhere. Id. The effect of the Louisiana statute was to create diversity jurisdiction. See Northbrook Nat'l Ins. Co. v. Brewer, 493 U.S. 6, 9-10, 110 S.Ct. 297, 299 (1989). Believing that such suits "do not come within the spirit or the intent of the basic purpose of the diversity jurisdiction of the Federal judiciary system," S.Rep. No. 88-1308, at 2779, Congress acted to eliminate diversity jurisdiction in such cases by deeming the insurer a citizen of the tortfeasor's state of citizenship. See White v. United States Fidelity and Guaranty Co., 356 F.2d 746, 747 (1st Cir. 1996); Velez v. Crown Life Ins. Co., 599 F.2d 471, 473 (1st Cir. 1979).

Plaintiff's argument fails not only because the pending suit is not a "direct action" as envisioned by Congress under § 1332(c), but because New Jersey's narrow "direct action" statute does not apply here. Plaintiff insists that the action against Imperium constitutes a "direct action" merely because it arises from the insurance company's role as the "payor of a judgment based on the negligence of one of its insureds." See Velez, 599 F.2d at 473; Remand Brief at 5. However, the liability sought to be imposed against the insurance company must be of such a nature that it could also be imposed against the insured. Myers v. State Farm Ins. Co., 842 F.2d 705, 707 (3rd Cir. 1988). Courts in this Circuit have defined these circumstances as being limited to tort actions in which an injured party brings suit directly against the tortfeasor's insurer without joining the tortfeasor as a defendant, and without first suing the tortfeasor. See Walborn v. Szu, Civ. No. 08-6178, 2009 WL 983854, at *4 (D.N.J. 2009). Here, Plaintiff filed a contribution action against the insured party, DiSciascio, before commencing this action against Imperium to enforce the judgment already entered.

The "direct action" provision only applies when a plaintiff brings a "direct action against the insurer." See State Farm Ins. Co. v. Evans, 712 F.Supp. 57, 58 (E.D.Pa. 1989). Plaintiff maintains that any action against an insurer where the insured is not a party constitutes such a "direct action against the insurer." Remand Brief at 4. However, the term does not include those cases where the plaintiff has already obtained a judgment against the insured, and is seeking an enforcement of that judgment. Moorehead v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, Civ. No. 07-3104, 2007 WL 2790768, at *4 (D.N.J. 2007). Here, Plaintiff has already obtained a judgment against the insured party, DiSciascio, and is seeking enforcement of said judgment against its insurer, Imperium. Such an action for enforcement of an underlying judgment against

an insurer does not constitute a "direct action" under § 1332(c)(1), therefore Defendant properly removed this action to this Court. Walborn, 2009 WL 983854, at *4.

Defendant correctly points out that "direct actions" under § 1332(c) are confined to cases where a statute authorizes an injured party to bring a suit against a tortfeasor's liability insurer without joining the insured. See S.Rep. No. 88-1308, at 2779; Reply Brief at 5. New Jersey's "direct action" statute was written more narrowly than the Louisiana statute that first prompted Congress to act in 1964. See N.J. STAT. ANN. § 17:28-2 (West 2006). The statute provides that when an injured party who has obtained a judgment against an insured party cannot execute the judgment due to the insured's insolvency or bankruptcy, the injured party can proceed directly against the insurance carrier for the amount of the judgment not exceeding the amount of the policy. Id. Courts have interpreted New Jersey's "direct action" statute narrowly. See Flexi-Van Leasing, Inc. v. Through Transp. Mut. Ins. Ass'n, Ltd., 108 Fed.Appx. 35, 39-40 (3rd Cir. 2004) (finding New Jersey "direct action" statute inapplicable to enforce default judgment in an action for breach of contract); Bryan v. All Out Die Cutting, Inc., 32 Fed.Appx. 651, 652 (3rd Cir. 2002) (finding New Jersey "direct action" statute did not give injured party right to proceed against insurer after insured had already contracted to settle any claims against it with insured party). There is no evidence to suggest that DiSciascio is insolvent or bankrupt; rather, Imperium is refusing to indemnify the insured. Because the New Jersey statute is inapplicable to the facts here, § 1332(c) does not apply.

## IV. CONCLUSION

For the forgoing reasons, this Court respectfully recommends that Plaintiff's Remand Motion be **DENIED**. Pursuant to L. Civ. R. 72.1(c)(2), the parties have fourteen (14) days from receipt hereof to file and serve objections.

s/ Cathy L. Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**

**DATED: August 2, 2013**